[Cite as *State v. Machin*, 2017-Ohio-2906.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-16-031

      Appellee                                      Trial Court No. CRB 1600295

v.

Malcolm B. Machin                              **DECISION AND JUDGMENT**

      Appellant                                    Decided:  May 19, 2017

* * * * *

Brett A. Klimkowsky, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an *Anders* appeal.  Appellant, Malcolm Machin, appeals the judgment of the Fremont Municipal Court, following a jury trial, convicting him of one count of receiving stolen property in violation of R.C. 2913.51(A),[1] a misdemeanor of the first degree.  For the reasons that follow, we affirm.

---

[1] "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."  R.C. 2913.51(A).

On April 8, 2016, a criminal complaint was filed against appellant, charging him with one count of receiving stolen property. At his initial appearance on May 16, 2016, appellant was appointed counsel and entered a plea of not guilty to the charge. Appellant was released on his own recognizance. On June 30, 2016, a final pretrial hearing was held. Appellant attended the final pretrial hearing, but was intoxicated, with a blood alcohol content level of .267. The trial court found appellant in contempt and placed him in custody. The next day, the trial court sentenced appellant to five days in jail, with credit for one day served. While in jail on July 2, 2016, appellant was observed sweating profusely, out of touch with reality, and displaying hallucinations. Appellant was transported to a hospital where he was admitted. On July 7, 2016, after being released from the hospital, appellant appeared before the court. At the time, appellant had a blood alcohol content level of .048. Thus, the trial court found that appellant had violated the terms of his bond and remanded him to jail pending the jury trial that was scheduled for July 22, 2016. On July 15, 2016, appellant appeared before the trial court again, and was released from jail on his own recognizance, with the order that he attend Alcoholics Anonymous meetings. On July 22, 2016, the jury trial was held.

At the trial, the state called Officer Clayton Holskey of the Fremont Police Department as its first witness. Holskey testified that on April 4, 2016, he received a report of a missing gold necklace with an anchor and cross pendant filed by Guy Crispen. Holskey spoke with Crispen and advised him to check with local pawn shops to see if his necklace had been traded in. The following day, Crispen contacted Holskey from

2.

Overmyer Jewelers in Fremont, Ohio. The staff member at Overmyer Jewelers indicated that appellant was the person who traded in the necklace. Holskey then interviewed appellant, during which appellant stated that he did trade in a necklace, but that it was a necklace that he owned. Appellant also denied stealing Crispen's pendant, but stated that he had one just like it from a fishing trip years ago.

The state then called Katherine Jones, the manager of Overmyer Jewelers, as its next witness. Jones testified that she was the one who purchased the gold chain from appellant, and that she paid him $160 for it.

Crispen then testified as the final witness for the state. Crispen testified that on Saturday, April 3, 2016, he was painting an apartment above his, in a building that he owns. Crispen saw appellant, whom he had known for years, outside the building. Crispen offered to pay appellant for his help in painting the apartment, which appellant accepted. Appellant returned on Sunday, April 4, 2016, to finish the job.

On Monday, April 5, 2016, Crispen noticed that his necklace was missing. He described the necklace as a gold chain with a seaman cross pendant. A picture of the necklace was entered into evidence. Crispen testified that he remembered taking it off on Saturday, and setting it on the vanity in his bathroom. Crispen contacted the police on Tuesday, April 6, 2016, when he could not find the necklace after thoroughly searching his apartment.

Thereafter, Crispen began visiting jewelry stores, and found the gold chain from his necklace at Overmyer Jewelers. Crispen testified that he immediately recognized the

3.

chain as his based on the clasp. Crispen paid Overmyer Jewelers $160 and reclaimed his gold chain. He testified that the pendant was never found.

Following the state's presentation of evidence, appellant moved for acquittal pursuant to Crim.R. 29, arguing that the element of a theft offense for purposes of the charge of receiving stolen property had not been proven. The trial court denied appellant's motion.

Appellant then testified in his own defense. Appellant testified that he did sell a gold chain to Overmyer Jewelers, but that it was a chain that he purchased approximately 20 years ago while he was vacationing in Key West. Appellant stated that he had lost his wallet, and while he was looking through his clothes and dresser he came across the gold chain. Since he was not working at the time, appellant sold the gold chain for $160. Appellant testified that has absolutely no knowledge of what happened to Crispen's chain and pendant. On cross-examination, appellant testified that he told Holskey that he also had a pendant, but his was a sailfish, which he bought to remember the sailfish he had caught while on vacation.

After instructions, the jury retired to deliberate. The jury returned with a verdict of guilty. Thereafter, the trial court proceeded immediately to sentencing, and sentenced appellant to 90 days in jail, with credit for 17 days served, and the remaining 73 days suspended with three years of non-reporting probation. The trial court also imposed a $100 fine and court costs, and ordered appellant to pay $160 in restitution to Crispen. The trial court stayed the imposition of the sentence pending appeal.

4.

Subsequently, appointed counsel for appellant filed a brief and requested leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise additional matters. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

Following *Anders* and 6th Dist.Loc.App.R. 10(G), appellate counsel filed a brief stating that he can find no arguable errors and requesting that the court independently examine the record for error. Counsel notified appellant of his inability to find meritorious grounds for appeal and provided appellant with copies of both the *Anders* brief and his motion to withdraw. Counsel advised appellant of his right to file his own appellate brief. Appellant has not filed an additional brief.

Upon review of appellate counsel's no-error brief and upon independent review of the record of the proceedings below, we conclude that this appeal lacks any issue of

5.

arguable merit and is, therefore, wholly frivolous.  Therefore, counsel's motion to withdraw is hereby granted.

For the foregoing reasons, the judgment of the Fremont Municipal Court is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE